UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**RUSSELL VANBROCKLEN,**

               **Plaintiff,**

    v.                                                                                   **1:08-CV-312**
                                                                                                    **(TJM/RFT)**

**THE UNITED STATES OF AMERICA,
TRANSPORTATION SECURITY
ADMINISTRATION,**

               **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION AND ORDER

**I.    INTRODUCTION**

On March 26, 2009, the Court issued a Decision and Order that granted in part and denied in part Defendant's Fed. R. Civ. P. 12(b)(6) motion. Dec. & Ord., dkt. # 19. After the decision, the sole remaining claim in this action is whether the manner of the search of Plaintiff in secondary screening was lawful within the context of the Fourth Amendment. Id. p. 17 ("All claims are dismissed *except* Plaintiff's Fourth Amendment claim contained in the original Complaint asserting that the search conducted in secondary screening was unduly intrusive." ).

On March 27, 2009, Defendant's attorney applied for an extension of the 10-day time limit in which bring a motion for reconsideration. Dkt. # 20; see N.Y.N.D. L. R. 7.1(g).

The request was granted on March 30, 2009. Dkt. # 21.  Also on March 30, 2009, Plaintiff filed a Notice of Appeal appealing to the United States Court of Appeals for the Second Circuit from the March 26, 2009 Decision and Order. See Notice of Appeal, dkt. # 22.

On April 14, 2009, Defendant filed its motion for reconsideration, asking that the sole remaining claim in this matter be dismissed. Dkt. # 25.  On May 5, 2009, Plaintiff filed a 126-page document that purports to be a response to the reconsideration motion and an application to amend the Complaint to add claims under the Federal Tort Claims Act.  Dkt. # 29.  Defendant filed its reply on May 14, 2009, dkt. # 30, and, on May 19, 2009, filed a "Notice of Supplemental Authority" with regard to the motion for reconsideration. Dkt. # 31.

## II.     DISCUSSION

The Supreme Court has held that "[t]he filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  The Second Circuit has noted that "the filing of a notice of appeal [] divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal." New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir.1989).  While there are exceptions to this rule, none of these exceptions would inure to the benefit of the movants.  See Fowlkes v. Parker, 2009 WL 249810, at * 3 (N.D.N.Y. Jan. 5, 2009)("As one of several limited exceptions to this general rule, it is well established that a district court may entertain and deny a motion for amendment or reconsideration of an order notwithstanding the pendency of an appeal from that order.")(citing, *inter alia*, Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir.1992) (*per curiam* )); Hernandez v. Coughlin,

18 F.3d 133, 138 (2d Cir.1994)(the district court lacked jurisdiction to rule on a motion to amend the complaint after a notice of appeal was filed). Accordingly, the pending motions must be denied for lack of jurisdiction.

One final point bears mentioning. In the March 26, 2009 Decision and Order, Plaintiff was specifically instructed to "to review the Northern District's Local Rules (particularly L.R. 7.1 - 15.1) and the *Pro Se* Handbook before submitting further documents or pleadings in this action." 03/26/09 Dec. & Ord. pp. 17-18. His current response to Defendant's motion for reconsideration, and his papers in support of his motion to amend the complaint, indicate that he did not review the Local Rules or that he chose to disregard them.

The following Local Rules are particularly pertinent to the papers that Plaintiff has filed in this matter.

Local Rule 7.1(a)(1) provides:

> **Memorandum of Law**. No party shall file or serve a memorandum of law that exceeds twenty-five (25) pages in length, unless that party obtains leave of the judge hearing the motion <u>prior to filing</u>.

N.Y.N.D.L.R. 7.1(a)(1)(emphasis in original).

Local Rule 7.1(a)(2) provides:

> **Affidavit**. <u>An affidavit must not contain legal arguments</u> but must contain factual and procedural background that is relevant to the motion the affidavit supports.

N.Y.N.D.L.R. 7.1(a)(2)(emphasis added).

Local Rule 7.1(a)(4) provides:

> **4. Motions to Amend or Supplement Pleadings . . . .**

> A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 <u>must attach an unsigned copy of the proposed amended pleading to its motion papers</u>. Except if the Court otherwise orders, <u>the proposed amended pleading must be a complete pleading, which will supersede the original pleading in all respects. A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference.</u>

N.Y.N.D. L.R. 7.1(a)(4)(emphasis added).[1]

Plaintiff's responses to Defendant's dismissal motions failed to comply with these Rules (and hence the Court's direction for him to review the Local Rules before filing further documents or pleadings). <u>See</u> 03/26/09 Dec. & Ord, pp. 4,[2] 5.[3]  Plaintiff's recently-filed 126 page document [dkt. # 29 ] is also in violation of these Local Rules.

Plaintiff's status as a *pro se* litigant does not excuse his non-compliance with the Local Rules, <u>see</u> <u>Faretta v. California</u>, 95 S. Ct. 2525, 2541 n. 46 (1975)("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); <u>Edwards v. INS</u>, 59 F.3d 5, 8 (2nd Cir. 1995)("While a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform

---

[1] It should also be noted that this Local Rule contains the following caveat: "The granting of the motion does not constitute the filing of the amended pleading. After the Court grants leave, unless the Court otherwise orders, the moving party must file and serve the original signed amended pleading within ten (10) days of the Order granting the motion."

[2] ("On September 29, 2008, Plaintiff responded to the Government's motion by filing a 38-page document entitled "Amended Complaint." Plf. Response [dkt. # 12]. The document is part memorandum of law (containing legal citations and arguments - including a recitation of the Government's arguments), part unsworn statement by Plaintiff (reciting the pertinent events and making arguments about them), part exposition on how Plaintiff feels the TSA could better perform its function, and part amended complaint.").

[3] ("On November 22, 2008, the Government filed a motion to dismiss the claims contained in the Amended Complaint. <u>See</u> Govt's Motion to Dismiss Am. Compl. [dkt. # 15]. In response to this motion, on December 5, 2008 Plaintiff filed a 74-page document that appears to be, at least in part, a memorandum of law addressed to the Government's motion to dismiss the claims in the Amended Complaint. <u>See</u> Plt. Response to Motion to Dismiss Am. Compl. [dkt. # 17]. The document, however, also addresses what appears to be a similar case brought by Plaintiff in the Western District of New York, <u>see</u> <u>id.</u>, and a long exposition on why Plaintiff believes the TSA should employ United States Border Patrol agents at airports throughout the United States. <u>Id.</u>").

4

themselves regarding procedural rules and to comply with them."), and the Court will not countenanced further violations of these rules.  Future violations of the Local Rules may result in the striking of documents and/or the imposition of sanctions. See N.D.N.Y.L.R. 7.1(i).

## III.     CONCLUSION

For the reasons stated above, the Government's motion for reconsideration (dkt. # 25) and the Plaintiff's motion to amend the complaint (dkt. # 29) are denied, without prejudice to renewal, for lack of jurisdiction.

**IT IS SO ORDERED**

DATED: May 21, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge

5